IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN PLATERO,
    Plaintiff,

v.                                            Civil No.

ACOMA-CANONCITO-LAGUNA SERVICE UNIT,
And INDIAN HEALTH SERVICE/UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES,
    Defendants.

## COMPLAINT FOR DAMAGES
## BASED ON MEDICAL NEGLIGENCE

Plaintiff complains of the Defendants as follows:

### Parties and Jurisdiction

1. Plaintiff, Jonathan Platero ("Mr. Platero"), at all times pertinent thereto, was a resident of Canoncito, New Mexico.

2. Defendant Acoma-Canoncito-Laguna Service Unit ("ACLSU") was at all times pertinent hereto affiliated with the Indian Health Services.

3. Defendant Indian Health Services/United States Department of Health and Human Services ("IHS/USDHHS") was at all times pertinent hereto affiliated with the Acoma-Canoncito-Laguna Service Unit.

4. Pursuant to the Federally-Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), ACLSU was deemed to be an employee or division of the Indian Health Service/United States Department of Health and Human Services for purposes of the Federal

Tort Claims Act ("TCA") medical malpractice liability coverage.

5. At all times pertinent hereto, Plaintiff Mr. Platero considered Acoma-Canoncito-Laguna Service Unit his primary healthcare provider.

6. At all times pertinent hereto, Defendant ACLSU hired, monitored and trained certain staff at its business premises located in New Mexico. At all times pertinent hereto, ACLSU hired certain physicians and healthcare providers, including the as-yet-unidentified medical providers who treated Jonathan Platero on or about May 16 and 17, 2009.

7. Defendant USA is liable for any negligence or recklessness proximately caused by ACLSU and its associated employees, agents and servants who treated Mr. Platero on those dates.

8. Defendant ACLSU is liable for any negligence or recklessness proximately caused by its associated employees, agents and servants working on its business premises.

9. All acts forming the basis of this Complaint occurred in New Mexico beginning in May 2009, making jurisdiction and venue proper in this Court under the Federal Tort Claims Act, 28 U.S.C. §1346.

10. Mr. Platero has complied with all applicable form 95 Notice requirements.

### Count I - Professional Negligence of Defendant USA

11. Plaintiff restates and incorporates Paragraphs 1-10 of his Complaint.

12. On May 16 and 17, 2009, Mr. Platero went to the ACLSU in San Fidel, New

Mexico where he presented with clear signs of a ruptured appendix. By and through the employees, agents and health care providers, Mr. Platero was misdiagnosed and providers at the facility failed to identify the ruptured appendix discharging him to his home on each occasion he visited the clinic.

13. The above described acts and omissions constitute medical negligence and breach in the standards of care on behalf of Defendant.

14. Plaintiff was injured by the negligence described above which proximately caused him to experience pain and suffering, mental pain and anguish, permanent scarring and fibrosis of his abdominal organs, medical expenses, lost earnings and other consequential damages.

15. The misdiagnosis by the providers at the facility and the unnecessary delay in treatment resulted in Plaintiff's loss of chance of a better medical result and outcome, including a quick and full recovery, with minimal pain, anguish, scarring, medical expenses, lost earnings, and other damages.

16. Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrences in question and the resulting suffering of Jonathan Platero, as well as the loss of chance of a better medical result and outcome. ACLSU is liable for the conduct of its employees and agents, as well as its associated clinic staff, under the New Mexico law of agency and the doctrine of *respondeat superior*.

17. Plaintiff Jonathan Platero is entitled to judgment in the amount of his actual

injuries and damages as follows:

    a.    For general damages within the jurisdiction of this Court;

    b.    For damages for medical and related expenses to Plaintiff;

    c.    For pre-and-post-judgment interest on damages as permitted by law to Plaintiff;

    d.    For Plaintiff's costs of suit incurred herein;  and

    e.    For such other and further relief as the Court may deem just and proper.

Plaintiff demands a trial by jury.

## Count II – Vicarious liability

18.    Plaintiff restates and incorporates Paragraphs 1-16 of his Complaint.

19.    Upon information and belief, some of the providers that treated Mr. Platero may have been as-yet-unidentified medical professionals who practiced on the premises of ACLSU in San Fidel in 2009 and later years who were not necessarily traditional employees of ACLSU, but rather may have been independent contractors who had permission to practice medicine at ACLSU, but who, in any case, provided medical services under the apparent or ostensible authority of Defendant ACLSU while acting as their agents, and whose conduct was ratified by ACLSU, and for whose acts and omissions ACLSU is vicariously liable as described above.

        Electronically Filed,

        /s/ Corbin Hildebrandt, Esq.
        Corbin Hildebrandt
        CORBIN HILDEBRANDT, P.C.
        Attorney for Plaintiff
        Sycamore Square, Suite 2000
        1400 Central Avenue S.E.
        Albuquerque, New Mexico 87106
        (505) 998-6626
        Fax (505) 998-6628
        Email corbin@hildebrandtlawnm.com

I HEREBY CERTIFY that on May 13, 2011, I served the foregoing on the following non-CM/ECF Participants via facsimile and certified mail, return receipt requested, addressed as followed:

    Kenneth J. Gonzales, Esq.
    U.S. Attorney, District of New Mexico
    U.S. Department of Justice
    P.O. Box 607
    Albuquerque, New Mexico  87103

    Fax 346-7296

/s/ Corbin Hildebrandt, Esq.
Corbin Hildebrandt, Attorney for Plaintiff